REQUESTED BY: Dear Senator DeCamp:
You have asked the opinion of this office concerning the constitutional liability of the Nebraska Legislature to make up a decline in the net market value of the permanent school fund caused by the investment of that fund in securities which, because of market conditions at the close of the calendar year, are valued below their cost to the school fund but which are expected to bring their full face value upon maturity or redemption. It is our opinion that the Nebraska legislature has no constitutional liability in the situation that you describe.
Article VII, section 8 of the Nebraska Constitution provides:
 "All funds belonging to the state for educational purposes, the interest and income whereof only are to be used, shall be deemed trust funds. Such funds with the interest and income thereof are hereby solemnly pledged to the purposes for which they are granted and set apart and shall not be transferred to any other funds for other uses. The state shall supply any net aggregate losses thereof realized at the close of each calendar year that may in any manner accrue. Notwithstanding any other provisions in the Constitution, such funds shall be invested as the Legislature may be statute provide." (Emphasis added).
The loss in net market value that you have described is not a loss `realized' by the permanent school fund, but it is merely a paper loss until the securities in question are sold or redeemed. The Nebraska Supreme Court in Altsulerv. Peters, 190 Neb. 113, 206 N.W.2d 570 (1973), at page 124, defined `realized' as follows:
"In general it means received, paid, debited or incurred. . ."
Applying that definition of the situation that you have described, the yearly fluxuation of the market value of the permanent school fund caused by fluxuation of the market, does not bring about a loss realized or incurred by the permanent school fund.